## Ex Parte McDONALD.

### No. 20,405; March 26, 1888.

#### 17 Pac. 234.

**Supplementary Proceedings — Contempt — Habeas Corpus.—** Where, in proceedings supplementary to execution, defendant pleads a previous discharge in insolvency, and refuses to answer questions as to her property, and is committed for contempt, her remedy is by appeal, and not by habeas corpus.

Petition for writ of habeas corpus.

Petitioner, Maggie McDonald, was intrusted by another with several thousand dollars to purchase mining stock for her. Petitioner received the money to invest on account of such person, and so agreed to invest same. On demand for delivery of the stock, the petitioner refused, and afterward sold the stock for which judgment was given against her. Exe-

cution issued, and court ordered petitioner to answer certain questions as to her property, which she refused, pleading a discharge in insolvency previously given her, and she was committed for contempt. Petitioner sued out this writ.

George W. Tyler for petitioner; Charles F. Hanlon in opposition.

Per CURIAM.—The petitioner, being restrained of her liberty, sues out a writ of habeas corpus, praying to be discharged upon the ground that the judgment under which the proceedings were had which resulted in her imprisonment for contempt had been discharged by subsequent proceedings under the insolvent laws of this state. The superior court had jurisdiction to hear and determine this question, and, it would appear, did determine it adversely to the petitioner. If wrong in so doing, it is but error, and petitioner's remedy, if any, is by appeal. The application is denied, and petitioner remanded to the custody of the sheriff of the city and county of San Francisco.